**Opinion issued December 10, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00786-CV

———————————

**ARTIS CHARLES HARRELL, Appellant**

**V.**

**BRANCH BRINSON, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Case No. 2006-02867**

---

## MEMORANDUM OPINION

This is an attempted appeal from an "Order of (Partial) Dismissal for Want of Prosecution," a "Final Judgment," and an "Order Sustaining a Contest" signed March 25, 2013 and May 7, 2013. Appellant, Artis Charles Harrell, filed his notice of restricted appeal on September 6, 2013.

Appellant's notice of restricted appeal does not comply with the requirements for proceeding as a restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7). Specifically, the notice (1) does not "state that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of;" (2) does not "state that the appellant did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal;" and (3) is not verified by appellant. *Id.* On October 31, 2013, this Court notified appellant of his failure to comply with Texas Rule of Appellate Procedure 25.1 and instructed appellant to file an amended notice of appeal within 10 days. *See* TEX. R. APP. P. 25.1(g). Appellant was notified that failure to file an amended notice of appeal, which corrected the defects, would result in dismissal of his appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

In response, appellant attempted to file an amended notice of restricted appeal. However, appellant's amended notice of restricted appeal still does not meet the requirements of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.1(d)(7).[1]

---

[1] Additionally, appellant's amended notice of appeal appears only to relate to appellant's appeal of the May 7, 2013 "Order Sustaining a Contest." Appellant has failed to amend his notice of restricted appeal for the "Order of (Partial) Dismissal for Want of Prosecution" and the "Final Judgment" signed March 25, 2013.

Further, appellant's deficient notice of restricted appeal reflects that appellant is attempting to appeal the "Order of (Partial) Dismissal for Want of Prosecution" and the "Final Judgment" signed March 25, 2013. An attempted appeal from these matters was dismissed by this Court on July 11, 2013 for nonpayment of all required fees. *See Harrell v. Brinson*, No. 01-13-00313-CV, 2013 WL 3523775, at *1 (Tex. App.—Houston [1st Dist.] July 11, 2013, no pet.). Appellant is not entitled to a second appeal. *See Minnfee v. Proyor*, No. 01-12-00943-CV, 2013 WL 709254, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2013, no pet.); *Velasquez v. Lunsford*, No. 14-99-00186-CV, 2000 WL 64115, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2000, no pet.).

Finally, appellant's deficient notice of restricted appeal also reflects that appellant is attempting to appeal an order sustaining a contest to an affidavit of indigence signed on May 7, 2013. We may review a challenge to an order sustaining a contest to an affidavit of indigence only when it is made part of an already pending appeal from a final judgment or other appealable order. *See Dorsett v. Archstone Memorial Heights*, No. 01-12-00570-CV, 2012 WL 3234119, at *1 (Tex. App.—Houston [1st Dist.] Aug. 9, 2012, no pet.); *see also* TEX. R. APP. P. 20.1(j). The order appellant seeks to have reviewed was entered in connection with appellant's previously dismissed appeal and was addressed by this Court in that case.

On October 31, 2013, the Court notified appellant of its intent to dismiss this appeal for want of jurisdiction unless appellant filed a response demonstrating this court's jurisdiction within 10 days. *See* TEX. R. APP. P. 42.3(a). Appellant has not filed an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.